UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Thomas Hanley and Faith Hanley

    Plaintiffs,

v.                                                       Honorable Sean F. Cox

OneWest Bank, FSB,                        Case No. 11-11355

    Defendant.
_____/

OPINION & ORDER

    In this action, Plaintiffs allege twelve state claims against Defendant relating to a residential loan secured by property located at 16860 Edmore Drive Detroit, Michigan ("the Property"). The matters are currently before the Court on Plaintiffs' Motion for Remand (Doc. No. 6), Defendant's Motion to Strike Plaintiffs' Statement of Damages (Doc. No. 12), and Plaintiffs' Ex-Parte Motion for Temporary Restraining Order (Notice of Removal, Ex. 1)[1]. The parties have fully briefed the issues and the Court heard oral argument on September 1, 2011. For the reasons below, the Court shall DENY Plaintiffs' Motion for Remand, and DISMISS AS MOOT Defendant's Motion to Strike Plaintiffs' Statement of Damages and Plaintiffs' Ex-Parte Motion for Temporary Restraining Order.

---

[1]Defendant filed a motion to dismiss, or in the alternative, for summary judgment (Doc. No. 3) on April 6, 2011. The Court heard oral argument on Defendant's motion to dismiss on September 1, 2011, and ordered Defendant to submit to the Court an affidavit and supplemental documentation establishing that Defendant was the servicer of Plaintiffs' note at the time of the foreclosure by advertisement. After failing to submit the supplemental documentation by the Court's September 15, 2011 deadline, Defendant withdrew its motion to dismiss on September 16, 2011.

BACKGROUND

On or about March 4, 2011, Plaintiffs Thomas and Faith Hanley ("Plaintiffs") filed this action against OneWest Bank F.S.B. ("OneWest") in state court. In addition to their Complaint filed in state Court, Plaintiffs filed an "Ex-Parte Motion for Temporary Restraining Order and Order to Show Cause Why a Permanent Injunction Should not be Entered." (Notice of Removal, Ex. 1). OneWest removed the action to this Court on April 1, 2011, based upon diversity jurisdiction.

Plaintiffs' complaint asserts the following twelve counts against OneWest: "Injunctive Relief – Order Enjoining Collection and Repossession Activities During Pendency of this Action" (Count I), "Respondeat Superior" (Count II), Negligence (Count III),[2] "Michigan Consumer Protection Act" (Count IV), "Mortgage Brokers, Lenders and Servicers Licensing Act" (Count V), "Fraud in the Inducement" (Count VI), "Fraudulent Misrepresentation" (Count VII), "Negligent Misrepresentation" (Count VIII), "Negligence Per Se" (Count IX), "Breach of Contract" (Count X), "Unjust Enrichment" (Count XI), "Promissory Estoppel" (Count XII).

On April 6, 2011, OneWest filed a Motion to Dismiss, or Alternatively, for Summary Judgment, pursuant to FED. R. CIV. P. 12(b)(6) and FED. R. CIV. P. 56. On April 7, 2011, Plaintiffs filed a Motion to Remand. Finally, on April 29, 2011, OneWest filed a Motion to Strike Plaintiffs' Statement of Damages Sought Pursuant to Local Rule 81.1(d).

Plaintiffs concur with the facts as discussed in OneWest's Motion to Dismiss, or Alternatively, for Summary Judgment. The facts are as follows.

---

[2]Plaintiffs incorrectly title Count III as "Count IV." As a result, all counts alleged after Cont III are also misnumbered.

On September 12, 2005, Plaintiffs executed a note in the amount of $265,500.00 and a mortgage on the Property.  The mortgage is attached as Exhibit 2 to OneWest's brief in support of its motion to dismiss (Def's Br., Ex.2) and attached as Exhibit 1 to Plaintiffs' brief in response to OneWest's motion to dismiss (Plf's Br., Ex. 1).  The Mortgage provides for rights of foreclosure of the Property by the mortgagee in the event of a default on the loan.  The lender, though named as the lender in the Mortgage, was not designated therein as the mortgagee.  Instead, the Mortgage stated that Mortgage Electronic Registration Systems, Inc. ("MERS") is "the mortgagee under this Security Instrument" and it contains a provision stating, "'MERS' is Mortgage Electronic Registration Systems, Inc.  MERS is a separate corporation that is acting solely as nominee for Lender and Lender's successors and assigns.  MERS is the mortgagee under this Security Instrument."  (*Id.*).  Neither party has submitted the note to the Court.

On or about February 13, 2008, MERS assigned the mortgage to IndyMac Bank F.S.B. ("IndyMac").  It is unclear exactly when Plaintiffs defaulted on their loan, but IndyMac subsequently initiated foreclosure by advertisement proceedings.  Attached to OneWest's reply brief is an affidavit from the legal representative of the Macomb Daily, a newspaper circulated in Macomb County, Michigan, which indicates that Plaintiffs were given the notice of intent to start the foreclosure proceedings on May 13th, May 20th, May 27th, and June 3rd of 2009.  A notice of foreclosure was also posted on the Property on May 15, 2009.  (Def's. Br, Ex. 3).

Although not explained by either party, apparently, OneWest acquired IndyMac on March 19, 2009.

The sheriff's sale was originally scheduled for June 12, 2009, but was adjourned until September 3, 2010.  (Def's Br., Ex. 3).  According to Plaintiffs, over the course of the next year,

3

Plaintiffs and OneWest engaged in negotiations relating to a loan modification pursuant to certain federal programs, including the Home Affordable Modification Program ("HAMP").

Finally, a sheriff's sale was held on September 3, 2010, and Fannie Mae was the highest bidder.  *Id*.  A "Sheriff's Deed on Mortgage Sale," dated September 3, 2010, conveyed the Property to Fannie Mae.  *Id*.  Plaintiffs did not redeem the Property before the redemption period expired on March 3, 2011.

## ANALYSIS

I.   <u>Plaintiffs' Motion for Remand:</u>

As stated above, OneWest removed this action from state court on the basis of diversity jurisdiction.  On April 7, 2011, Plaintiffs filed a motion to remand this case to state court. Plaintiffs contend that this action should be remanded because the amount in controversy does not exceed the requisite $75,000 amount.  (Plf's Remand Br. at 1).  This assertion is founded on the fact that the home currently has a negative equity.  *Id.*

In response, OneWest asserts that the amount in controversy does exceed the $75,000 requirement and is properly in federal court through diversity jurisdiction.  (Def. Resp. Br. at 7). OneWest's assertion is based on the value of the mortgage loan and the price that the Property sold for at the sheriff's sale, both of which exceed $75,000 .  *Id.*

Any party may invoke federal jurisdiction, but "[t]he burden of persuasion for establishing diversity jurisdiction. . . remains on the party asserting it."  *Hertz Corp. v. Friend*, 559 U.S. ___, 130 S.Ct. 1181 (2010) (citing *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994)).  Diversity jurisdiction exists in civil matters where the amount in controversy exceeds $75,000 and there is diversity among the parties.  28 U.S.C. § 1332.  In a

removal case, the amount in controversy is assessed when the removal notice is filed. *White v. Loomis Armored US, Inc.*, 729 F. Supp. 2d 897, 900 (E.D. Mich. 2010) (Lawson, J.) (citing *Rogers v. Wal-Mart Stores, Inc.,* 230 F.3d 868, 871 (6th Cir. 2000)). For determining the amount, "the general rule is that the amount claimed by a plaintiff in his complaint determines the amount in controversy, unless it appears to a legal certainty that the claim is for less than the jurisdictional amount." *Rosen v. Chrysler Corp.*, 205 F.3d 918, 920-21 (6th Cir. 2000) (citing *Saint Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288-89 (1938)).

Federal courts have primarily used two different approaches to determine the relevant amount in controversy. "The majority of courts addressing the valuation issue in the context of wrongful foreclosure have held that the relevant amount for amount-in-controversy purposes is determined by the fair market value of the property." *Meriedeth v. Mae*, 2011 WL 2456630 at *1 (E.D. Mich. June 13, 2011) (Steeh, J.). The fair market value may be determined by the price at which the property is sold at the sheriff's sale. *Bobel v. Met Life Home Loans, Inc.*, 2011 WL 1831741 at *2 (E.D. Mich. May 13, 2011) (Goldsmith, J). The second approach is to consider the amount owed on the mortgage loan. *Bobel*, 2010 WL 4286331 at *3.

Here, Plaintiffs are essentially claiming that OneWest wrongfully foreclosed on their property. Among their requests for relief, Plaintiffs seek recision of the sheriff's sale, enforcement of an alleged promise to modify Plaintiffs' mortgage loan, and conversion of the foreclosure by advertisement to a judicial foreclosure.

The property in question was sold at a sheriff's sale for $305,537.61, which is well in excess of the $75,000 requirement. Additionally, the mortgage loan is valued at $265,000, which is also in excess of the required amount. Several jurisdictions, including the Eastern

District of Michigan, have declined to determine which approach is more appropriate where both approaches have satisfied the amount in controversy. *See Bobel*, 2010 WL 4286331 at * 3. In this case, it is unnecessary to determine which approach should be used because both the market value and the amount owed on the mortgage loan exceed $75,000. Accordingly, the Court finds that OneWest has met its burden of persuasion for establishing diversity jurisdiction.

II.     OneWest's Motion To Strike Plaintiffs' Statement Of Damages Sought And Plaintiffs' Ex Parte Motion For A Temporary Restraining Order Are Moot.

On April 27, 2011, in an attempt to supplement their motion for remand, Plaintiffs filed a Statement of Damages Sought Pursuant to Local Rule 81.1(d). OneWest subsequently filed a Motion to Strike Plaintiff' Statement of Damages Sought on April 29, 2009, because Plaintiffs filed their statement of damages after OneWest responded to Plaintiffs' motion for remand. Because the Court shall deny Plaintiffs' motion for remand, the Court finds that OneWest's Motion to Strike Plaintiffs' Statement of Damages is moot.

Additionally, at the September 1, 2011 hearing on this matter, Plaintiffs' counsel stated to the Court that Plaintiffs are no longer pursuing the temporary restraining order requested in Plaintiffs' complaint. Accordingly, the Court finds that Plaintiffs' Ex Parte Motion For A Temporary Restraining Order is also moot.

## CONCLUSION

For the reasons stated above, **IT IS ORDERED** that Plaintiffs' motion for remand (Doc. No. 6) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion to strike Plaintiffs' statement of damages (Doc. No. 12) is **DISMISSED AS MOOT.**

**IT IS FURTHER ORDERED** that Plaintiffs' motion for a temporary restraining order is **DISMISSED AS MOOT**.

**IT IS SO ORDERED**.

        S/Sean F. Cox
        Sean F. Cox
        United States District Judge

Dated:  October 14, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 14, 2011, by electronic and/or ordinary mail.

        S/Jennifer Hernandez
        Case Manager